UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK BANKS, an American Indian,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY PIVNICHNY, et al.,<br><br>Defendants. | No. 2:15-cv-1163 MCE AC (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

////

I.  SCREENING STANDARD

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The court may also dismiss a claim as frivolous where it is barred by res judicata.  Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984) (affirming dismissal of complaint as frivolous on res judicata grounds under predecessor to 28 U.S.C. § 1915(e)).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II.  THE COMPLAINT

Plaintiff's complaint names approximately 85 defendants, including Timothy Pivnichny (alleged to be a Special Agent of the FBI), Barack Obama, the FBI, the CIA, Mitt Romney, Hillary Rodham Clinton, the Administrative Office of the Courts, federal judges, the U.S. Senate, the U.S. Congress, and the Pittsburgh Post Gazette.

According to the complaint, in 2003 and 2004, Pivnichny pointed a loaded gun at plaintiff's fiancée during an interview.  Complaint (ECF No. 1) ¶ 1.  Pivnichny later confiscated and then repaired an "Orbit II DVD/CD Copier made by Microboards."  Id.  Plaintiff concludes that "[i]n these two ways he [Pivnichny] set up Frederick H. Banks."  Id.  When plaintiff tried to expose Pivnichny's conduct, defendants Booz Allen Hamilton (alleged to be agents of the CIA), then retaliated against plaintiff by "bombarding him with a wireless signal."  Id.  None of the

defendants did anything to investigate or otherwise address Pivnichny's conduct.  Complaint ¶ 2.

Based upon these facts, the complaint alleges that defendants violated plaintiff's Fifth and Fourteenth Amendment Due Process rights under the U.S. Constitution, and further, that they violated the Sioux Treaty of Fort Laramie.

### III.  RES JUDICATA

A.  The Law

> Res judicata, or claim preclusion, prohibits lawsuits on "any claims that were raised *or could have been raised*" in a prior action. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (emphasis added) (quoting W. Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997)).  Res judicata applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." Id. (internal quotations omitted).

Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).

B.  The Facts

On the same day this case was filed, plaintiff filed an identical complaint against the exact same list of defendants in the federal court for the District of Connecticut.  See Banks v. Pivnichny, ECF No. 1, 3:15-cv-0817 JCH (D. Conn. May 29, 2015).[1]

---

[1] Plaintiff has filed two other, identical, complaints in Connecticut.  See, Banks v. Pivnichny, 3:15-cv-0849 JCH (D. Ct., June 1, 2015); Banks v. Pivnichny, 3:15-cv-0826 CSH (D. Ct., May 29, 2015).  He has also filed identical complaints in many other federal district courts around the country.  See Banks v. Pivnichny, 3:15-cv-00091 RRB (D. Alaska, June 8, 2015); Banks v. Pivnichny, 2:15-cv-0369 WKW SPW (M.D. Ala., May 28, 2015); Banks v. Pivnichny, 1:15-cv-0281 WS B (S.D. Ala., May 26, 2015); Banks v. Pivnichny, 5:15-cv-5131 TLB (W.D. Ark., June 9, 2015); Banks v. Pivnichny, 1:15-cv-1141 GPG (D. Colo., June 1, 2015); Banks v. Pivnichny, 1:15-cv-0440 LPS (D. Del., May 29, 2014); Banks v. Pivnichny, 8:15-cv-1299 CEH JSS (M.D. Fla. (Tampa), May 29, 2015); Banks v. Pivnichny, 2:15-cv-0325 SPC CM (M.D. Fla. (Ft. Myers), May 29, 2015); Banks v. Pivnichny, 6:15-cv-0924 JA DAB (M.D. Fla. (Orlando), June 8, 2015); Banks v. Pivnichny, 1:15-cv-0104 MW GRJ (N.D. Fla., May 29, 2015); Banks v. Pivnichny, 1:15-cv-22166 CMA (S.D. Fla., June 8, 2015); Banks v. Pivnichny, 7:15-cv-0096 WLS (M.D. Ga. (Valdosta), June 8, 2015); Banks v. Pivnichny, 3:15-cv-0059 WLS (M.D. Ga. (Athens), June 8, 2015); Banks v. Pivnichny, 1:15-cv-0095 WLS (M.D. Ga. (Albany), June 8, 2015); Banks v. Pivnichny, 4:15-cv-0089 WLS (M.D. Ga. (Columbus), June 8, 2015); Banks v. Pivnichny, 1:15-cv-0020 (D. Guam, June 8, 2015);  Banks v. Pivnichny, 1:15-cv-0216 SOM BMK (D. Haw., June 9, 2015); Banks v. Pivnichny, 1:15-cv-0189 EJL (D. Idaho, June 1, 2015); Banks v. Pivnichny, 1:15-cv-4766 (N.D. Ill., May 29, 2015); Banks v. Pivnichny, 1:15-cv-3368 NLH KMW (D.N.J., May 15, 2015); Banks v. Pivnichny, 5:15-cv-0530 F (W.D. Okla., May 15, 2015); and Banks v. Pivnichny, 2:15-cv-0700 DSC LPL (W.D. Pa., May 29, 2015).

1    On June 29, 2015, the federal district court in Connecticut dismissed that entire lawsuit, on the merits, and with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Id. at ECF No. 6. In doing so, the district court adopted the magistrate judge's dismissal recommendation which, after considering plaintiff's complaint under the liberal construction rules applicable to pro se litigants, found as follows: (1) the claims of electronic harassment are "frivolous, as the factual allegations in support thereof are fanciful, fantastic and delusional," (2) the civil rights claims are "frivolous for a multitude of reasons," including plaintiff's lack of standing to assert the rights of his fiancée; (3) there are no allegations at all against most of the defendants; and (4) the claim based on the Sioux Treaty of Fort Laramie is "frivolous" for failing to allege the elements necessary to state such a claim, including enrollment in the Sioux Tribe, residence within a Sioux reservation, and that the challenged conduct occurred within the reservation. Id. at 4-7 (internal quotation marks omitted). A final judgment of dismissal was entered the same day. Id. at ECF No. 8.

C. Analysis

This lawsuit frivolous, as it is plainly barred by res judicata: (1) the claims in this case are identical with the claims in the Connecticut case; (2) the U.S. District Court for the District of Connecticut has already dismissed the Connecticut lawsuit on the merits, with prejudice, and entered a final judgment against plaintiff; and (3) the parties are identical in both cases.[2]

The court notes that plaintiff has identified his alleged fiancée by name, along with her purported home address and telephone number, as well as the purported home address for defendant Pivnichny. In the interests of privacy for these persons, the court will order this personal information redacted from the complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED; and

---

[2] Another of plaintiff's lawsuits that bars this one, under res judicata, is Banks v. Pivnichny, 1:15-cv-0959 UNA (D.D.C.). On June 22, 2015, plaintiff's complaint was dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i), as frivolous, because it was "premised on the type of fantastic and delusional scenarios warranting dismissal of the case." Id., 2015 WL 3917233 at *2. The dismissal was also based upon the complaint's lacking "an arguable basis in law and fact." Id. (internal quotation marks omitted). Thus, the lawsuit plaintiff has filed here has already been dismissed, on the merits, by at least two separate federal district courts.

 2. The Clerk of the Court shall REDACT the address and telephone information identified in the complaint for defendant Pivnichny and for Ms. Bondi.

Further, IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed with prejudice, as "frivolous," pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED:  July 12, 2015

*[signature]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE